Marie Appel, SBN 187483
mappel@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Robert Trautmann, Esq.
rtrautmann@forthepeople.com
*Pro Hac Vice* Pending
**MORGAN & MORGAN**
**INSURANCE RECOVERY GROUP**
100 Somerset Corporate Boulevard
Floor 2, Suite 107
Bridgewater, NJ  08807
Telephone: (908) 866-5234
Facsimile:  (908) 866-5377

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAROSLAW PACEK,<br><br>      Plaintiff,<br>    v.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY and THE STANDARD FIRE INSURANCE COMPANY,<br><br>      Defendants. | Case No.<br><br>**COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, JAROSLAW PACEK, sues the Defendants, TRAVELERS COMMERCIAL INSURANCE COMPANY and THE STANDARD FIRE INSURANCE COMPANY, and alleges as follows:

**PARTIES**

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, attorney's fees, and costs.

2. Plaintiff Jaroslaw Pacek is domiciled in Placerville, California.

3. At all material times hereto, Defendants are corporations, duly authorized and licensed to transact insurance business in the State of California.

4. Defendants regularly conducted business, had offices, and/or maintained agents for the transaction of its customary business in El Doradao County, California.

5. Defendants each maintain their primary corporate offices outside of the State of California.

6. Defendants are related companies under the Travelers Property Casualty Companies.

**JURISDICTION AND VENUE**

7. This is an action for damages which exceed Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of attorneys' fees, costs and interest.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

**FACTUAL ALLEGATIONS**

10. At all material times hereto, Defendants acted by and through its authorized agents, servants, and employees who were acting within the scope of their authority and on the business of said Defendant and under the direct supervision and control of said Defendant.

11. Defendant Travelers Commercial Insurance Company (hereafter "Travelers" issued Plaintiff a homeowner's insurance policy under Policy No. 601907120 633 1 (hereafter "the Homeowner's Policy") for Plaintiff's property located at 8360 Fair Pines Lane, Garden Valley,

COMPLAINT

1

California (hereafter "the Property").

12. The Property is owned by Plaintiff.

13. The Homeowner's Policy provides coverage for the home up to the policy limits of $670,000.

14. The Homeowner's Policy provides coverage on a replacement cost basis.

15. The Homeowner's Policy provided coverage for the Property against various perils including, but not limited to, theft and/or vandalism.

16. Plaintiff paid good and valuable premium for the aforementioned coverage which was accepted by Travelers.

17. At the time the Plaintiff purchased the Homeowner's Policy, Travelers required the Plaintiff to purchase a separate personal articles policy in order to cover the Plaintiff's extensive collection of personal property, consisting of rare and valuable jewelry and other items.

18. Prior to purchasing the personal articles policy, the Defendants required the Plaintiff to purchase and install a security system for the home.

19. The Plaintiff complied with this request and installed a security system which was approved by the Defendants.

20. Thereafter, the Plaintiff purchased a personal articles policy from Defendant The Standard Fire Insurance Company (hereafter "Standard Fire") under policy 0HM865 603668342 700 7 (hereafter "Personal Articles Policy").

21. The Personal Articles Policy provided coverage in the amount of $874,257.00 for losses to scheduled jewelry and $62,529.00 for scheduled coins.

22. The yearly premium for the Personal Articles Policy is $16,952 which amount was paid by the Plaintiff to Standard Fire.

23. Prior to its issuance of the personal articles policy, Standard Fire was provided with photographs and appraisals of the personal articles to be covered under the policy.

24. Standard Fire never requested to inspect the personal articles to be covered under the policy.

25. Standard Fire never requested that the personal articles to be covered under the policy be made available to them for an independent appraisal or evaluation.

26. On or about November 28, 2019 Property suffered a loss whereby unknown parties broke into the home.

27. When breaking into the Property, the unknown parties caused damage to the structure.

28. The unknown parties stole two safes containing jewelry and coins.

29. Plaintiff properly notified Defendant of the damages and submitted claims under both the Homeowner's and Personal Articles Policies, seeking coverage for which he had paid premiums.

30. Defendant Travelers assigned claim number H3B8256 to the building loss.

31. Defendant Standard Fire assigned claim number IHT0021 to the personal articles loss

32. The Defendants assigned a single adjuster to adjust both losses.

33. Upon investigating the losses, Travelers issued a payment to the Plaintiff for the damages caused to the structure during the break in.

34. The payment was made on an actual cash value basis whereby a small portion of the payment was withheld as recoverable depreciation until repairs were completed.

35. After the repairs were completed, the Plaintiff, through his public insurance adjuster, requested that the withheld recoverable depreciation be paid to the Plaintiff.

36. Travelers has refused, and continues to refuse to pay the Plaintiff for the withheld recoverable depreciation.

37. Over the course of more than two years, the Plaintiff complied with all requests from Standard Fire during their investigation of the personal articles claim.

38. It was not until February 1, 2022, or 795 days after the loss, that Standard Fire denied the personal articles loss.

39. Of note, the adjuster who issued the denial of the personal articles claim is the

COMPLAINT

3

same adjuster the approved the homeowner's claim for payment.

40. Plaintiff complied with all conditions precedent to entitle Plaintiffs to recover under the Policies, or Defendants waived compliance with such conditions.

41. Defendant has failed to pay for all of Plaintiffs' losses.

## COUNT I
## BREACH OF CONTRACT
### (As to Defendant Travelers Commercial Insurance Company)

42. Plaintiff incorporates paragraphs 1 through 41 of Plaintiffs' Complaint herein by reference thereto as though set forth at length.

43. Plaintiff had a valid contract of insurance with Defendant Travelers.

44. Plaintiff paid premiums to Travelers to maintain the Policy

45. Plaintiff sustained a covered loss as previously stated, gave proper notice to Travelers, and cooperated in all ways required by Travelers.

46. Travelers approved the claim under the homeowner's policy as set forth above and issued a payment withholding a portion of the payment for recoverable depreciation.

47. Plaintiff timely made the repairs to the home entitling him to payment of the recoverable depreciation.

48. Travelers breached the homeowner's insurance policy by failing to pay the recoverable depreciation.

49. As a direct result of Defendant's breach Plaintiff had sustained damages.

## COUNT II
## BREACH OF CONTRACT
### (As to Defendant The Standard Fire Insurance Company)

50. Plaintiff incorporates paragraphs 1 through 49 of Plaintiff's Complaint herein by reference thereto as though set forth at length.

51. Plaintiff had a valid contract of insurance with Defendant Standard Fire.

52. Plaintiff paid premiums to Standard Fire to maintain the Policy

53. Plaintiff sustained a covered loss as previously stated, gave proper notice to

1 Standard Fire, and cooperated in all ways required by Standard Fire.

2    54.    Despite the same adjuster approving the damages claim under the homeowner's policy, Standard Fire denied the claim for the stolen property

55.    Standard Fire breached the personal articles insurance policy by failing to pay the claim.

56.    As a direct result of Defendant's breach Plaintiff had sustained damages.

## COUNT III
## BAD FAITH
### (As to Defendant Travelers Commercial Insurance Company)

57.    Plaintiff incorporates paragraphs 1 through 56 of Plaintiff's Complaint herein by reference thereto as though set forth at length.

58.    Travelers has acted in bad faith in violation California law in general and in the following particulars:

    a. By failing to pay recoverable depreciation despite repairs being made in a timely fashion;

    b. By agreeing to provide and accepting payment for insurance coverage on the Property then refusing to provide said coverage under the terms of the agreement;

    c. By refusing to pay benefits in a timely fashion;

    d. By refusing to pay benefits to the limits of the policy of insurance;

    e. By unreasonably causing their insured to pursue litigation, requiring the insured to incur substantial counsel fees and costs, in order to attempt to obtain benefits to which the insured is entitled;

    f. By unreasonably engaging in an adversarial relationship with their insured and placing their insured under duress instead of paying the benefits to which the insured is entitled;

    g. By denying benefits when there is no reasonable basis for denial;

  h. By their frivolous and unfounded refusal to provide the benefits purchased;

  i. By acting with ill will, malicious intent, and self-motive in the handling of Plaintiffs' claim;

  j. By failing to properly, timely and objectively investigate and evaluate Plaintiffs' claim;

  k. By engaging in an unreasonable, bad faith investigative practices in the handling of Plaintiffs;

  l. By failing to conduct a proper investigation and analysis of the condition of the Property and the cause of the damage to it;

  m. By unreasonably and unilaterally determining through its own agents, servants, and employees that Plaintiff was not entitled to coverage for his loss;

  n. By intentionally, maliciously, fraudulently, and recklessly engaging in a course of conduct to deprive the insured of benefits when Defendants knew or should have known benefits were due and owing;

  o. By subjecting Plaintiff to harassment, inconvenience, and embarrassment by not paying benefits due and owing for an excessive period of time.

59. As a result of the above specified acts of bad faith engaged in by Travelers, the Plaintiff has suffered damages.

## COUNT IV
## BAD FAITH
### (As to Defendant The Standard Fire Insurance Company)

60. Plaintiff incorporates paragraphs 1 through 59 of Plaintiffs' Complaint herein by reference thereto as though set forth at length.

61. Standard Fire has acted in bad faith in violation California law in general and in the following particulars:

  a. By wrongfully denying Plaintiff's claim under the Personal Articles Policy;

  b. By not making a decision on the claim for 795 days after the loss;

COMPLAINT

6

c. By the same adjuster paying for a portion of the building loss but denying entirely the personal articles loss;

d. By agreeing to provide and accepting payment for insurance coverage on the Property then refusing to provide said coverage under the terms of the agreement;

e. By refusing to pay benefits in a timely fashion;

f. By refusing to pay benefits to the limits of the policy of insurance;

g. By unreasonably causing their insured to pursue litigation, requiring the insured to incur substantial counsel fees and costs, in order to attempt to obtain benefits to which the insured is entitled;

h. By unreasonably engaging in an adversarial relationship with their insured and placing their insured under duress instead of paying the benefits to which the insured is entitled;

i. By denying benefits when there is no reasonable basis for denial;

j. By their frivolous and unfounded refusal to provide the benefits purchased;

k. By acting with ill will, malicious intent, and self-motive in the handling of Plaintiffs' claim;

l. By failing to properly, timely and objectively investigate and evaluate Plaintiffs' claim;

m. By engaging in an unreasonable, bad faith investigative practices in the handling of Plaintiffs;

n. By failing to conduct a proper investigation and analysis of the condition of the Property and the cause of the damage to it;

o. By unreasonably and unilaterally determining through its own agents, servants, and employees that Plaintiffs was not entitled to coverage for their loss;

p. By intentionally, maliciously, fraudulently, and recklessly engaging in a

course of conduct to deprive the insured of benefits when Defendants knew or should have known benefits were due and owing;

    q. By subjecting Plaintiffs to harassment, inconvenience, and embarrassment by not paying benefits due and owing for an excessive period of time.

62. As a result of the above specified acts of bad faith engaged in by Standard Fire, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Travelers Commercial Insurance Company and Defendant The Standard Fire Insurance Company, and each of them, and in favor of Plaintiff, and to award the following relief:

(a) Compensatory damages;

(b) Consequential damages;

(c) Punitive damages;

(d) Attorneys' fees and costs of suit; and

(e) Orders granting such other and further relief as may be appropriate.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all counts.

Dated: April 25, 2022          **MORGAN & MORGAN**

                         /s/ Marie Appel
                         Marie Appel
                         mappel@forthepeople.com
                         711 Van Ness Avenue, Suite 500
                         San Fransico, CA 94102
                         Telephone: (415) 358-7155
                         Facsimile:  (415) 358-2037

                         Robert Trautmann, Esq.
                         rtrautmann@forthepeople.com
                         *Pro Hac Vice* Pending
                         100 Somerset Corporate Boulevard
                         Floor 2, Suite 107
                         Bridgewater, NJ  08807
                         Telephone: (908) 866-5234
                         Facsimile:  (908) 866-5377

Attorneys for Plaintiff