UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAROSLAW PACEK, | No. 2:22-cv-00714-MCE-DB |
| Plaintiff, | |
| v. | **ORDER** |
| TRAVELERS COMMERCIAL INSURANCE COMPANY, et al., | |
| Defendants. | |

Presently before the Court is Defendant Travelers Commercial Insurance Company's ("Travelers") Motion for Leave to File Amended Answer, which Plaintiff Jaroslaw Pacek ("Plaintiff") opposes.[1]  ECF Nos. 13, 17.  Travelers seeks leave to amend its Answer "to add language to its affirmative defense regarding certain policy terms and conditions," specifically "a citation to the policy's suit limitation condition, which bars Plaintiff from filing suit more than one year after his loss."  ECF No. 13, at 2; see also Ex. A, id. at 20 ("No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started

---

[1] Plaintiff initially failed to file an opposition to Travelers' Motion because of counsel's "calendaring error," ECF No. 17, at 2, but this Court nonetheless gave Plaintiff an opportunity to do so.  See ECF No. 16.  Because Plaintiff timely filed an opposition in accordance with the Court's order, the Court will consider Plaintiff's opposition in this instance.  However, Plaintiff and his counsel are admonished that this Court will not consider any untimely pleadings or filings in the future.

within one year after the date of loss."). For the reasons set forth below, Travelers' Motion is GRANTED.[2]

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a),[3] which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, once a pretrial scheduling order is filed pursuant to Rule 16, "that rule's standards control[]."[4] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause," which "primarily considers the diligence of the party seeking the amendment." Id. at 609. "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion [to amend], the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "If that party was not diligent, the inquiry should end." Id.

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard. If the movant articulates a reason why amendment is needed, the "burden then shifts to the opposing party to persuade the court that 'justice' requires denial." Stoddart v. Express Servs., Inc., No. 2:12-cv-01054-KJM-CKD, 2015 WL 1812833, at *2 (E.D. Cal. Apr. 20, 2015). The Court considers five factors in determining whether to permit an amendment to the complaint under Rule 15(a): (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether the movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party; and

---

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[4] According to this Court's Initial Pretrial Scheduling Order issued on April 26, 2022, "[w]ithin thirty (30) days of service of the complaint on the last party, . . . the parties shall amend the complaint or join any parties pursuant to the Federal Rules of Civil Procedure. No other joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." ECF No. 3, at 2.

(5) whether the amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Whether amendment will unduly prejudice the opposing party is the most important factor in a court's analysis under Rule 15(a).  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

First, the Court finds that Travelers has satisfied Rule 16(b)'s good cause requirement.  Plaintiff served his initial disclosures on September 20, 2022, at which time Travelers learned that an affirmative defense based on its policy's suit limitations condition was appropriate given that Plaintiff's initial disclosures failed to provide any evidence to support Plaintiff's allegation that Travelers "refused to make payment on the depreciation hold back until such time as the personal articles claim was resolved." ECF No. 18, at 5 (citing Ex. 1, DeLaney Decl., ECF No. 13-1, at 5).  Before filing the present Motion, counsel for Travelers attempted to work with Plaintiff's counsel on identifying such evidence or stipulating to allow Travelers to file an amended Answer but to no avail.  See Exs. 1–2, DeLaney Decl., ECF No. 13-1, at 4–17 (emails exchanged between counsel).

Plaintiff argues that Travelers was not diligent in seeking leave to amend its Answer because it was "in possession of all information that could possibly support the statute of limitations defense before the initial Answer was filed on July 8, 2022."  ECF No. 17, at 4 (stating that Travelers "wrote the insurance policy and would naturally know the limitations clause in its own policy well in advance of the filing of the Complaint in this matter.").  However, simply knowing the existence of a limitations clause does not mean that the clause would apply in the present case, for the parties are required to present non-frivolous arguments and defenses grounded in law and evidentiary support.  See Fed. R. Civ. P. 11(b).  Accordingly, the Court finds that Travelers has been diligent in seeking leave to amend its Answer.

The Court also finds that Travelers has satisfied Rule 15(a).  Plaintiff has not identified what prejudice, if any, granting leave to amend Travelers' Answer would cause, and this Court also cannot contemplate any.  Travelers filed the present Motion

on October 28, 2022, a little over a month after Plaintiff provided its initial disclosures on September 20, 2022, and following attempts by Travelers' counsel to resolve these issues absent a formerly noticed motion.  This case is also in the early stages, for the deadlines to complete discovery or file dispositive motions have not yet expired and this case has not been set for trial.  The foregoing reasons also weigh against findings that Travelers filed the present Motion with undue delay or bad faith.  Overall, the Court resolves the Foman factors in Travelers' favor and finds that leave to file an Amended Answer is appropriate.

    For the reasons set forth above, Travelers' Motion for Leave to File Amended Answer, ECF No. 13, is GRANTED.  Not later than ten (10) days following the date this Order is electronically filed, Travelers is ordered to refile its First Amended Answer on the docket.

    IT IS SO ORDERED.

Dated:  February 1, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE